# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SELENA CRAIG, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 18-0547-WS-M |
| ) | |
| CITY OF MOBILE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Joint Stipulation for Dismissal (doc. 19) filed by plaintiffs, Selena Craig and Karen Lucky, and defendants City of Mobile and Ivan Lopez. The Joint Stipulation reflects that these parties have agreed and stipulate to the dismissal with prejudice of all claims asserted by Craig and Lucky against defendants other than Willie Baker. Because this Joint Stipulation is signed by all parties that have appeared, it is effective as filed without the necessity of court action, pursuant to Rule 41(a)(1)(A)(ii), Fed.R.Civ.P. Accordingly, plaintiffs' claims against defendants City of Mobile (and its department, City of Mobile Police Department) and Ivan Lopez are **dismissed with prejudice**. The Clerk of Court is directed to **terminate** defendants City of Mobile and Ivan Lopez as parties defendant. This action shall proceed as between plaintiffs and the sole remaining defendant, Willie Baker.

In light of these developments, the City of Mobile Police Department's Motion to Dismiss (doc. 3), the City's Motion to Strike Claim for Punitive Damages (doc. 8), Defendant City of Mobile's Motion to Dismiss (doc. 9), and Defendant Ivan Lopez's Motion to Dismiss (doc. 12) are all **moot**.

The only remaining claim joined in this action is Count VIII (mislabeled "Count V" in the Complaint), which is plaintiffs' negligence cause of action asserted against defendant Willie Baker, alleging that he negligently operated a motor vehicle in which plaintiffs were passengers and thereby caused them injuries. Defendant Baker has not appeared in this action to date. Count VIII is a purely state-law claim being litigated between non-diverse parties; therefore, it is

appropriate for this Court to re-examine the issue of subject matter jurisdiction at this time. To be sure, defendants properly removed this action to this District Court from the Circuit Court of Mobile County last month, invoking federal question jurisdiction under 28 U.S.C. § 1331 based on plaintiffs' constitutional and civil rights claims asserted pursuant to 42 U.S.C. §§ 1983 and 1981. But all such federal claims have now been dismissed by operation of the Joint Stipulation for Dismissal.

The only basis for retaining federal jurisdiction over plaintiffs' suit against Willie Baker at this time would be pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a). By statute, however, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Such a discretionary declination of supplemental jurisdiction is the ordinary and preferred approach in these circumstances. *See, e.g., Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Upon careful consideration, the Court in its discretion declines to exercise supplemental jurisdiction over plaintiffs' state-law claim against the remaining, non-diverse defendant. Accordingly, this action is **remanded** to the Circuit Court of Mobile County, Alabama, for further proceedings. *See, e.g., Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("we agree that federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction").

DONE and ORDERED this 8th day of February, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE